DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the judgment of the Sandusky County Court of Common Pleas wherein, following a plea of no contest, appellant, Thomas W. Rowe, was found guilty on the sole count of the indictment, charging aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1), and sentenced to four years in prison. For the reasons set forth, this court affirms the decision of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "The trial court erred and abused its discretion when it imposed a 4 year mandatory prison sentence upon the defendant/appellant.
 {¶ 4} "Appellant was denied effective assistance of counsel at his plea and sentencing hearings."
 {¶ 5} On July 17, 2004, appellant was driving a pickup truck when he drove left of center and struck an oncoming vehicle driven by Dawn Chambers, causing a four car crash. The accident caused several injuries to the drivers of the vehicles, in particular, serious injury to Chambers. Chambers was "lifeflighted" to the Medical College of Ohio after sustaining compound fractures in both of her legs, two collapsed lungs, fractured ribs, and a lacerated liver. It was noted in the victim impact statement that Chambers was not expected to survive the damage done to her liver.
 {¶ 6} Tests at the hospital indicated that appellant had a blood alcohol content of.310. He admittedly stopped at three different bars, as well as his brother's home, having alcoholic drinks at each place he stopped on the day of the accident. Appellant had previously been convicted of three DUI offenses, but when interviewed during his presentence investigation, he denied having a drinking problem. Despite advice to seek substance abuse treatment during his presentence investigation interview, appellant had not sought any form of treatment at the time of sentencing.
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred and abused its discretion when it imposed a four year mandatory prison sentence upon the appellant, above the authorized minimum prison term of one year. Specifically, appellant asserts that the record does not support the trial court's finding that the shortest required prison term is an insufficient remedy. Appellant argues that the trial court failed to apply substantial weight to factual matters in the record, such as seriousness of the offense, recidivism, and mitigating factors, contained in R.C. 2929.12(B)-(D). For instance, appellant claims that his display of remorse, his courtroom apology, and the fact that he has not been adjudicated as a juvenile justifies an imposition of the minimum prison term.
 {¶ 8} Pursuant to R.C. 2929.14(A)(3), appellant faced a mandatory prison sentence of one to five years. Because he previously has not been incarcerated, a minimum jail sentence is required unless the trial court finds one of the factors enumerated in R.C. 2929.14(B). According to R.C. 2929.14(B), if the court elects, or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized, unless (1) the offender was serving a prison term at the time of the offense or the offender previously had served a prison term, or (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 9} In sentencing appellant, the trial court found that the minimum required prison term would demean the seriousness of the appellant's conduct and would not adequately protect the public from future crime by the appellant. Accordingly, we find that the trial court made the appropriate findings, pursuant to R.C.2929.14(B)(2), in ordering appellant to serve more than the minimum sentence permitted.
 {¶ 10} Appellant argues, however, that the trial court's findings were not supported by the evidence in the record. We disagree. Although the trial court is not required to set forth its reasons for making a finding pursuant to R.C. 2929.14(B)(2),See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, we nevertheless find that there was ample evidence upon which the trial court could rely in making its finding that the required minimum sentence would demean the seriousness of appellant's conduct and would not sufficiently protect the public from appellant's similar conduct in the future. Specifically, as evident from the victim impact statement disclosed in the presentence investigation, appellant's conduct caused Chambers to suffer severe, permanent physical injury, devastating economic loss, inconvenience and trauma to her family and those around her, and a lifetime of disability and medical expenses. Allowing appellant leniency after the extreme harm that he caused would surely demean the seriousness of his offense. Also, given appellant's conduct on July 17, 2004, his three prior DUI charges, and an unwillingness to recognize an alcohol abuse problem or to seek treatment, appellant poses a threat to the public via similar future conduct, further justifying the trial court's decision to impose a non-minimum prison term. Accordingly, we find the appellant's first assignment of error not well-taken.
 {¶ 11} In his second assignment of error, appellant claims he was denied effective assistance of counsel at his plea and sentencing hearings. Specifically, appellant asserts that he was not counseled to begin treatment before his sentencing hearing and that counsel should have prepared appellant to more effectively verbalize his remorse at the hearing.
 {¶ 12} Pursuant to State v. Bradley (1989),42 Ohio St.3d 136, 142, "counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." In assessing whether appellant's counsel was ineffective at the plea and sentencing hearings, this court must be "highly deferential" in scrutinizing counsel's performance. Strickland v. Washington
(1984), 466 U.S. 668, 689.
 {¶ 13} Appellant argues, citing Strickland, that counsel's representation was deficient because appellant should have been advised to begin treatment before his sentencing hearing. Furthermore, appellant asserts that counsel also should have prepared him better for the sentencing hearing, so that he could have better verbalized his remorse as opposed to a one-line statement that appellant was "sorry it happened."
 {¶ 14} Although, in general, counsel should prepare his client for sentencing, counsel essentially has no control over what his client says or does. In this case, appellant displayed a lack of remorse and no desire to seek treatment. When asked during his presentence interview about the negatively life altering consequences of his actions in regards to Chambers and her family, appellant stated, "I was hurt too." Also, appellant was advised to attend Firelands or some other substance abuse facility, but made no effort to seek such treatment.
 {¶ 15} Appellant further claims that but for the alleged ineffective assistance of counsel, the outcome of the proceeding would have been different. Appellant points out that the record shows the trial judge was looking for evidence that appellant sought treatment, acknowledged his drinking problem, or other mitigating factors that would likely have lessened his ultimate prison sentence. We agree that the trial judge was looking for mitigating factors; however, the lack of such factors can in no way be attributed to counsel's deficiencies in representation. Defense counsel cannot be responsible for the absence of a client's remorse, apology for conduct, or active pursuance of treatment, especially when that client has shown little remorse and a complete lack of recognition of his substance abuse problems.
 {¶ 16} The record reveals no indication that counsel's conduct fell below the requisite standard of reasonable representation. Therefore, no prejudice allegedly arising from the trial proceedings can effectively be attributed to the representation by counsel. Accordingly, we find that appellant was not denied the effective assistance of counsel. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 17} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.